UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONDA SMITHERMAN on behalf of herself and all others similarly situated, | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | **CLASS ACTION COMPLAINT** |
| SCOTT & ASSOCIATES PC; MIDLAND FUNDING LLC, | § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

**NOW COMES** Veronda Smitherman ("Plaintiff"), by and through the undersigned counsel, states as follows:

### NATURE OF THE ACTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action seeking redress for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 ("TDCA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States. Supplemental

jurisdiction exists pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District, Plaintiff lives in the District, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Veronda Smitherman ("Plaintiff") is a natural person residing in Conroe, Texas, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and the Texas Fin. Code § 392.001(1) because she is alleged to have incurred an obligation, primarily for personal, family, or household purposes arising from an alleged transaction.

5. Defendant Midland Funding LLC ("Defendant Midland") is corporation organized under the laws of the State of Delaware with its principal place of business located at 3111 Camino Del Rio N, Suite 103, San Diego, California 92108. Defendant Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6).

6. Defendant Midland regularly uses the U.S. Mail, telephone, and internet to attempt to collect defaulted consumer debt incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and others.

7. Defendant Scott & Associates PC ("Defendant Scott") is a professional corporation organized under the laws of the State of Texas, doing business in the State of Texas with its principal place of business located at 1120 Metrocrest Dr., Suite 100, Carrollton, Texas, 75006-5862. Defendant Scott is a law firm and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6).

8. Defendant Scott regularly uses the U.S. Mail, telephone, and internet to attempt to collect defaulted consumer debt incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others.

## PURPOSE OF THE FDCPA

9. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of privacy.

10. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

11. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. In reviewing an FDCPA complaint, courts "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012).

12. To prohibit deceptive practices, the FDCPA, 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and provides a non-exhaustive list of per se violations of false and deceptive conduct, including false representations concerning the character, amount, or legal status of any debt; the threat to take any action that cannot legally be

taken or that is not intended to be taken; and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

13. The FDCPA also prohibits unconscionable and unfair practices at 15 U.S.C. § 1692f.

14. The Texas Debt Collection Act ("TDCA"), like the FDCPA, prohibits debt collectors (including original creditors collecting their own debt), from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting consumer debt. *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010).

15. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and TDCA.

## FACTUAL ALLEGATIONS

16. On or about April 25, 2008, Crown Asset Management ("Crown") filed suit in Montgomery County Court assigned Case No. 08-04-04188 (referred to herein as the "state court complaint") against Plaintiff.

17. Therein, Crown alleged that Plaintiff had defaulted on a personal credit card account with "DIRECTMARKETING" and had incurred a "consumer debt" as that term is defined by the FDCPA and TDCA, and that Crown was the assignee of the DIRECTMARKETING and therefore entitled to collect the alleged outstanding balance of $2,057.97.

18. Plaintiff never had an account with DIRECTMARKETING or Crown, and otherwise has no recollection of the alleged debt described in the state court complaint.

19. Unbeknownst to Plaintiff, on October 24, 2008, Crown obtained a judgment (referred to hereinafter as the "Judgment") against Plaintiff in the amount of $2,057.97 plus interest and court costs, and $685.99 in attorney's fees.

20. Plaintiff was never notified of the Judgment Crown obtained against her.

21. Over nine years later, on December 4, 2017, Crown filed an Affidavit of Assignment of Judgment in the state court action, stating that Crown had assigned the "rights, title, and interest" in the Judgment to Defendant Midland, one of the nation's largest consumer debt buyers.

22. Defendant Midland retained Defendant Scott, a debt-collection law firm, to assist in its efforts to collect the Judgment.

23. On or about April 30, 2018, Defendant Scott mailed Plaintiff a collection letter concerning the Judgment, dated April 30, 2018, and which Plaintiff received in the ordinary course of mail. A true and correct copy of the April 30th Letter is attached hereto as Exhibit A, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted file numbers and Plaintiff's home address.

24. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon information and belief, Defendants undertake various means to collect on old judgments from consumers like Plaintiff, by engaging in a campaign sending hundreds or thousands of dunning collection letters in the form attached as Exhibit A, which offer to "settle" the judgment.

26. Exhibit A incorrectly states that "Midland Funding LLC obtained a JUDGMENT against you", which is false and misleading as Defendant Midland is actually the purchaser of a judgment obtained by Crown, and that the balanced owed was $3,825.52.

27. Exhibit A incorrectly identifies and misrepresents that "HSBC Bank, USA" is the "Original Creditor."

28. Exhibit A states:

> Further, state law allows Midland Funding LLC to:
> - File a ***Lien*** on your real property

(Emphasis in original.)

29. As of April 30, 2018, Plaintiff's real property or "homestead" was exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property. *See* Prop. Code Sec. § 41.001(a).

30. The Judgment does not qualify as an exception under Prop. Code Sec. § 41.001(b).

31. A properly recorded and indexed judgment does not constitute a lien on or attach to real property that is exempt from seizure or forced sale under Chapter 41 of the Texas Property Code. *See* Prop. Code Sec. § 52.001.

32. Plaintiff understood Defendants' threat to file a lien to mean that Defendant could file a lien against her homestead and force the sale of her home to collect on the Judgment she had only recently learned existed.

33. Plaintiff's interpretation of Defendants' statement about what the law allowed them to do, specifically that they could file a lien against her "real property," is consistent with what the least sophisticated consumer would understand that statement to mean.

34. Defendants made the statement concerning their alleged legal right to file a lien with the intent to mislead and/or deceive Plaintiff as to the potential consequences of non-payment in order to extract payment from her.

35. On the bottom of the April 30, 2008 collection letter, a "Payment Coupon" was attached containing confusing information about settlement and monthly payment options.

36. Exhibit A does not contain the notice required by 15 U.S.C. §1692g and Defendants have never otherwise complied with the notice requirement under §1692g.

37. Defendants' actions have caused Plaintiff actual harm, including but not limited to emotional distress and anxiety.

## CLASS ALLEGATIONS

38. Defendants engaged in unlawful debt-collection conduct by failing to provide consumers with required disclosures and by making false threats and misleading statements about what they could legally do to collect judgment debts to Plaintiff and others similarly situated.

39. Upon information and belief, Defendants have on more than fifty (50) occasions within the past one (1) year sent consumers the same or similar letter in the form attached as Exhibit A.

40. Upon information and belief, Defendants have on more than fifty (50) occasions within the past one (1) year failed to make the disclosures required by the FDCPA.

41. Plaintiff brings this action individually and as a class action.

42. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify two (2) classes.

43. The first class (or the "Texas Lien Class") Plaintiff seeks to certify is defined as:

> *All individual consumers with addresses in the State of Texas to whom Scott & Associates PC sent a collection letter in which Scott & Associates PC stated that that*

*state law allows Midland Funding LLC to file a lien against the consumer's "real property" within one year of the date of the filing of this Complaint.*

44. The second class (or the "1692g Class") that Plaintiff seeks to certify is defined as:

*All individual consumers with addresses in the State of Texas to whom Scott & Associates PC sent an initial collection letter in which Scott & Associates PC failed to provide the consumer with the requirements of 15 U.S.C. §1692g within one year of the date of the filing of this Complaint.*

### *Rule 23(a) Requirements*

### *Numerosity*

45. Plaintiff does not know the number of members in each class, but believes the members number in the hundreds, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

46. Plaintiff and members of the classes were harmed by the acts of Defendants in the following ways:

- Defendants made misleading statements about Defendant Midland's rights under state law to Plaintiff and class members.

- Defendants failed to make certain required disclosures to Plaintiff and class members.

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the definitions of the classes to seek recovery on behalf of additional persons as warranted as facts are learned in further

investigation and discovery.

48. The joinder of the class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The classes can be identified through Defendants records' or Defendants' agents' records.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

50. The questions of law and fact predominate over questions which may affect individual class members. The principal issue is whether Defendants' written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692(e), 1692e(2)(A), 1692e(5), 1692e(10), 1692d, and 1692f(6), and Tex. Fin. Code §§ 392.301(a)(7), 392.304(a)(8), 392.304(a) and 392.304(a)(19).

*Commonality*

51. Plaintiff and all class members had their rights violated in the same manner by the same illegal actions of Defendants.

52. Common evidence, in particular (1) a list of persons to whom Defendants sent letters advising state law allows them to file a lien against their real property, and 2) a list of persons to whom Defendants did not provide the notice required by 15 U.S.C. § 1692g will drive resolution of the claims of the Classes.

53. Statutory relief under the FDCPA and TDCA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the classes.

*Typicality*

54. Plaintiff has the same claims to statutory relief as do all other members of the classes.

55. Any defenses that Defendants may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the classes.

*Adequacy*

56. Plaintiff brings this lawsuit after an extensive investigation of Defendants' alleged misconduct.

57. Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery statutory remedies for all consumers affected.

58. Plaintiff will continue to vigorously pursue relief for the Classes.

59. Plaintiff's counsel, the Consumer Justice Center, P.A. and the Law Office of Trista Johnson, have been certified as class counsel in numerous of class actions enforcing consumer rights laws in the United States federal courts.

60. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

61. Neither the Plaintiff or her counsel have any interests which might cause them not to vigorously pursue the instant class action.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

62. Statutory relief under the FDCPA and the TDCA follows from facts that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

63. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the three classes.

*Superiority*

64. Plaintiff and her counsel are not aware of any other pending actions against Defendants.

65. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

66. Upon information and belief, few if any members of the classes are fully aware that Defendants' actions were unlawful.

67. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

68. Certification under classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that Defendants' written communications to Texas consumers, in the form attached as Exhibit A, Tex. Fin. Code § 392 *et seq.*, would permit Plaintiff and the classes to obtain injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1).

## TRIAL BY JURY

69. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.

70      Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

71.     Defendants used a false, deceptive, or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

72.     Defendants falsely represented the character, amount and legal status of the alleged debt owed by Plaintiff in violation of 15 U.S.C. § 1692e(2)(A).

73.     Defendants misrepresented or implied that nonpayment of the alleged debt would result in the seizure, attachment, or sale of Plaintiff's property in violation of 15 U.S.C. § 1692e(4).

74.     Defendants threatened to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

75.     Defendants used a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff in violation of 15 U.S.C. § 1692e(10).

76.     Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d.

77.     Defendants threatened to take nonjudicial action to effect dispossession of Plaintiff's property even though such property is exempt by law from such dispossession under state law in violation of 15 U.S.C. § 1692f(6).

78. Defendants are liable to Plaintiff for statutory damages, actual damages, out-of-pocket costs, and reasonable attorney's fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k.

## COUNT II

### Texas Debt Collection Act ("TDCA") – Tex. Fin. Code § 392 et seq.

79. Plaintiff repeats and re-alleges each and every allegation above.

80. Defendants violated the TDCA by:

    a. threatening that nonpayment of a consumer debt could result in the seizure of Plaintiff's property (§ 392.301(a)(7));

    b. threatening to take an action prohibited by law (§ 392.301(a)(8));

    e. using false or misleading representations and deceptive means to collect a debt (§§ 392.304(a) and (a)(19)).

81. Defendants are liable to Plaintiff for statutory damages, actual damages, out-of-pocket costs, and reasonable attorney's fees in an amount to be determined at trial pursuant to

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

- certifying the action as a class;
- ordering that Plaintiff be named as class representative;
- ordering that Plaintiff's counsel be named as class counsel;
- awarding Plaintiff and the class appropriate actual and statutory damages for violating the FDCPA pursuant to 15 U.S.C. § 1692k(a);
- awarding Plaintiff and the class costs and reasonable attorney's fees and post judgment interest pursuant to 15 U.S.C. § 1692k(a)(3);
- awarding Plaintiff and the class appropriate actual damages and attorney's fees and costs pursuant to Tex. Fin. Code §§ 349.003 and 349.403;
- any other appropriate declaratory and/or injunctive relief, including injunctive relief under the TDCA; and
- such other and further relief as the court deems just and equitable.

Dated this 9th day of August, 2018.          Respectfully Submitted,

**LAW OFFICE OF TRISTA JOHNSON**

*/s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
Southern District of Texas ID No. 3180848
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com


Thomas J. Lyons, Jr. (MN #0249646)
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN  55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
(Pro Hac Vice to be filed)


**ATTORNEYS FOR PLAINTIFF**

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF TEXAS                    )

                                             ) ss

COUNTY OF <u>MONTGOMERY</u>   )

      Veronda Smitherman, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                             <u>/s/ Veronda Smitherman</u>

                                                              Veronda Smitherman

Subscribed and sworn to before me

This 9th day of August, 2018.

<u>/s/ Jacqueline Ann Page</u>

Notary Public