UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO. 4:18-CV-02759

VERONDA SMITHERMAN, *on behalf of herself and all others similarly situated*,

      Plaintiff,

v.

SCOTT & ASSOCIATES PC, MIDLAND FUNDING LLC,

      Defendant.
_____/

**DEFENDANT MIDLAND FUNDING LLC'S MEMORANDUM
<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>**

# TABLE OF CONTENTS

**I.  PRELIMINARY STATEMENT**

**II. SUMMARY OF THE ARGUMENT**

    A.   *PLAINTIFF CANNOT MEET THE STRINGENT STANDARDS FOR CERTIFICATION REQUIRED UNDER RULE 23(A)* ..................................................................................................4

    B.   *PLAINTIFF CANNOT SHOW THAT COMMON QUESTIONS PREDOMINATE OVER INDIVIDUAL ISSUES* ..................................................................................................6

    C.   *PLAINTIFF CANNOT ESTABLISH ASCERTAINABILITY* ...............................................7

**III. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT**

**IV. STANDARD OF REVIEW**

    A.   *THE RULE 23 STANDARD* ......................................................................................8

**V. ARGUMENT**

    A.   *PLAINTIFF FAILS TO ESTABLISH NUMEROSITY* ................................................9

    B.   *PLAINTIFF FAILS TO ESTABLISH COMMONALITY* ............................................10

    C.   *PLAINTIFF FAILS TO ESTABLISH TYPICALITY* ................................................12

    D.   *PLAINTIFF CANNOT ESTABLISH ADEQUACY* ...................................................13

    E.   *PLAINTIFF CANNOT ESTABLISH PREDOMINANCE* ............................................15

    F.   *PLAINTIFF'S PROPOSED CLASS IS NOT ASCERTAINABLE* ...............................16

**VI. CONCLUSION**

Defendant Midland Funding LLC ("Midland Funding" or "Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 23, the Local Rules of this District, and this Court's Order for Conference and Disclosure of Interested Parties [ECF No. 4], hereby responds to Plaintiff's Motion for Class Certification and Supporting Memorandum of Law (the "Motion for Class Certification") (ECF No. 29)[1], and states:

## I.      PRELIMINARY STATEMENT

In this putative class action matter, Plaintiff seeks to hold Midland Funding vicariously liable under the Fair Debt Collection Practices Act ("FDCPA") for a letter that Scott & Associates, P.C. ("Scott & Associates") drafted without the approval or input of Midland Funding. The subject letter provided that state law allows Midland Funding LLC to file a lien on the Plaintiff's real property. [ECF No. 1-1]. It is clear that Plaintiff's claim is not suitable for a class action because, among other things, she cannot meet the basic and fundamental requirement for numerosity. To that end, Plaintiff has come forward with ***no evidence*** showing the number of accounts to which a letter with this same statement was sent involving Midland Funding. Plaintiff readily admits that she seeks to certify a class limited "to only those letters which were sent on behalf of" Midland Funding, yet she has no such evidence at the class certification stage. [ECF No. 29 at 12 n.2].

In addition, Plaintiff bases her FDCPA claim on the grounds that the statement "state law allows Midland Funding to file a lien on your real property" is misleading because no lien can

---

[1] Plaintiff's Motion for Class Certification fails to contain an averment that Plaintiff has conferred with Midland Funding and counsel cannot agree about the disposition of the Motion. *See* Local Rule 7.1D (requiring such an averment for any opposed motions other than those filed under Fed. R. Civ. P. 12(b), (c), or (f) and 56)). In addition, Plaintiff's Motion for Class Certification fails to comply with the Court's Procedures, which require any memoranda over 15 pages to contain a short summary of argument. [ECF No. 4 at 6].

3

attach to homestead property under Texas law. [ECF No. 1 at 6].[2] But such a determination is not capable of classwide resolution given the number of assumptions and factors inherent in Plaintiff's theory – such as the fact that putative class member's must own real property and that any such property be exempt under Texas' homestead laws – none of which has been proven by any record evidence. Moreover, it would be fundamentally unfair and violate Midland Funding's due process rights for this Court to certify a class against it where (i) there is no allegation in the Complaint that Midland Funding is vicariously liable for the conduct of Scott & Associates in sending the letter; and (ii) the evidence demonstrates Scott & Associates drafted the letter without any input or approval from Midland Funding. *See* Excerpt of Deposition Transcript of Andrew Richmond, p. 56, a true and correct copy of which is attached as ***Exhibit A***.

## II. SUMMARY OF THE ARGUMENT

*A. Plaintiff Cannot Meet the Stringent Standards for Certification Required under Rule 23(a)*

Plaintiff must "affirmatively demonstrate," by a preponderance of the evidence, that the requirements of Fed. R. Civ. P. 23 are met. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550-51 (2011). To do so, Plaintiff is held to the burden of proving "that there are *in fact* sufficiently numerous parties, common questions of law or fact etc." *Id*. at 2551(emphasis supplied); *see also* Fed. R. Civ. P. 23(a). Plaintiff cannot meet her burden under these requirements for a number of reasons.

*First*, Plaintiff falls woefully short in demonstrating that "the class is so numerous that joinder of all members is impracticable" as it relates to Midland Funding. Plaintiff concedes that

---

[2] Plaintiff alleges that the property to which the subject letter was sent was her homestead property. [ECF No. 1 at 6]. Plaintiff has come forward with no evidence showing any putative class members were sent letters involving Midland Funding to property that was considered homestead under Texas law.

4

she has absolutely *no evidence* indicating the number of letters sent by Defendant Scott & Associates with the statement "state law allows Midland Funding LLC to file a lien against the consumer's 'real property.'" [ECF No. 29 at 11, n.2]. Accordingly, Plaintiff has failed to show there are in fact "sufficiently numerous parties" under *Wal-Mart* and its progeny. Plaintiff's Motion for Class Certification should be denied on this basis alone.

*Second*, Plaintiff cannot establish commonality because she has failed to present any evidence that Scott & Associates sent letters to other individuals concerning Midland Funding accounts. *See Shular v. LVNV Funding LLC*, Case No.H-14-3053, 2-16 WL 685177, *10 (S.D.Tex. February 18, 2016) (determining that plaintiff failed to satisfy Rule 23(a)'s commonality requirement "[b]ecause plaintiff in this case has not presented any evidence that defendants subjected other individuals to the same debt collection practices to which he was subjected . . . ."). In addition, commonality does not exist because of the many factors that are involved in determining the underlying factual basis of Plaintiff claim – whether putative class members own real property in Texas and, if so, whether that real property is subject to the homestead exemption.[3]

*Third*, Plaintiff's claims are not typical of the claims of the class based on the proposed class definition. To that end, Plaintiff conflates the terms "real property" and "homestead" in her Complaint. The crux of her Complaint appears to be that the subject letter was allegedly misleading because a properly recorded judgment did not constitute a lien on her homestead property [ECF No. 29 at 6], yet Plaintiff seeks to certify a much broader class that would include

---

[3] The determination of whether real property is exempt as homestead includes a variety of different factors and legal analysis. *See Dominguez v. Castaneda*, 163 S.W.3d 318, 331 (Tex-App-El Paso 2005, pet. denied) (finding that "mere ownership alone is insufficient" and that any homestead determination involves "a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as homestead.").

individuals ostensibly owning real property that was not their homestead. Accordingly, Plaintiff's claims would not be typical of the class as defined in the Complaint.

*Fourth*, based on Plaintiff's deposition testimony, she cannot adequately protect the interests of the class. To that end, Plaintiff testified at her deposition that, among other things, she did not know what duties she owed to the putative class, did not know where this lawsuit was filed, did not know the legal claims brought against Midland Funding, did not know the background and information of her attorneys, and was not aware of a settlement offer that her counsel had made to Defendants. *See* Excerpt of Deposition Transcript of Plaintiff, a true and correct copy of which is attached as **Exhibit B**. For these reasons, among others, Plaintiff cannot meet the adequacy element under Rule 23.

### B. Plaintiff Cannot Show That Common Questions Predominate Over Individual Issues

For these same reasons, Plaintiff likewise cannot meet the more demanding requirements under Rule 23(b)(3), which requires that the party seeking certification show that common questions would "predominate" in a class action. Plaintiff is unable to demonstrate that issues in the class are subject to generalized proof that predominate over issues that are subject to individualized proof. This is because Plaintiff's theory concerning the purportedly misleading nature of the subject letter would require the Court to analyze each putative class member's individual circumstances, *i.e.* whether a putative class member owned real property and, if so, was that property entitled to the homestead exemption. The Court would also be required to determine whether each class member's account arose from a transaction for personal, family or household reasons under the FDCPA.

### C. *Plaintiff Cannot Establish Ascertainability*

Finally, Plaintiff cannot provide that "the class sought to be represented" is "adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also White Glove Staffing, Inc. v. Methodist Hospitals of Dallas*, Case No. 3:17-CV-1158-K, 2018 WL 2415027, *2 (N.D. Tex. May 29, 2018) (determining that "[t]he Court must determine that membership in a proposed class is ascertainable by objective criteria before it reaches the Rule 23 certification analysis."). Plaintiff seeks to certify a proposed class with many moving parts, relying on speculative assumptions that make membership in the class unascertainable. Plaintiff's putative FDCPA Letter Class[4] allegedly consists of "individual consumers" with "addresses in Texas" to whom Defendant Scott & Associates, PC sent a letter providing "that that [sic] state law allows Midland Funding LLC to file a lien against the consumer's 'real property.'" [ECF No. 1 at 7-8]. This proposed class relies on the following multiple assumptions that Plaintiff has failed to show can be verified on a class-wide basis: (i) whether any putative class member is a "consumer" obligated to pay a "debt" within the meaning of the FDCPA given that Midland Funding does not retain any information concerning whether an individual account arose out of transactions made "primarily for personal, family, or household purposes" under 15 U.S.C. § 1692a(5) and (ii) whether the subject letter would violate Texas law as to each purported consumer's account, including but not limited to a legal determination as to whether each individual sent the subject letter owned real property and whether that real property was legally determined to be his or her

---

[4] Plaintiff refers to an "FDCPA Letter Class" in her Motion for Class Certification [ECF No. 29 at 6], but seeks to certify a "Texas Lien Class" in her Complaint. [ECF No. 1 at 7]. For the sake of clarity, Midland Funding will refer to the "FDCPA Letter Class" through this Memorandum in Opposition using the class definition set forth in the Complaint.

homestead. For these reasons alone, the Court should deny Plaintiff's Motion for Class Certification.

## III. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

This Court must decide whether Plaintiff has in fact proven and demonstrated compliance with **all** of the elements of Federal Rules of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and 23(b)(3) (predominance and superiority) in seeking to certify the FDCPA Class against Midland Funding.

## IV. STANDARD OF REVIEW

### A. *The Rule 23 Standard*

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiff, as the party seeking class certification, bears the burden of proving each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and at least one of the requirements of Rule 23(b). *Id*. A class "may only be certified if the trial court is satisfied, after a rigorous analysis," that the requirements of Rule 23 have been met. *See General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982).

> Rule 23 sets forth the following prerequisites for certification:
>
> (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there is a question of law or fact common to the class (commonality); (3) the claims or defenses of the representatives are typical of the claims and defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class.

Dukes, 564 U.S. at 345. In addition, the party seeking certification must also "satisfy through evidentiary proof at least one of the provisions of Rule 23(b). Here, Plaintiff seeks certification under Rule 23(b)(3), which requires a district court to determine that "'(1) questions of law or fact

8

common to class members predominate over any questions affecting only individual members," (predominance); and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy (superiority)" *Shular v. LVNV Funding LLC*, Case no. H-14-3053, 2016 WL 685177. *12 (S.D. Tex. Feb. 16, 2016). (citing Fed. R. Civ. P. 23(b)(3)). "An action may proceed only if the party seeking certification demonstrates that all four requirements of Rule 23(a) are met, and that at least one of the three requirements of Rule 23(b) are met." *Vizen v. Union Pacific R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *See Wal-Mart,* 564 U.S. at 350 (emphasis in original).

## V.     ARGUMENT

### A.     *Plaintiff Fails to Establish Numerosity*

While Plaintiff claims that "[d]efendants admit that they sent collection letters which were the same or substantially similar to the collection letter to Plaintiff to 90,498 unique accounts" [ECF No. 29 at 12], that statement is patently inaccurate as it relates to Midland Funding. Plaintiff has come forward with ***no evidence*** demonstrating the number of unique accounts to which any letters were sent involving Midland Funding. In fact, Midland Funding's 30(b)(6) corporate representative testified that Midland Funding does not know and is not in possession of information indicating the number of people that were sent a letter similar to the one sent to Plaintiff. *See **Exhibit A*** at p.57, l.6-11

Plaintiff would have this Court certify a class with absolutely ***no factual*** basis upon which to find numerosity under Rule 23. To do so would defy logic, the applicable law in this Circuit,

9

and due process. *See Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir. 1983) (finding plaintiff did not meet numerosity prerequisite where there was "no factual basis for determining numerosity" and holding that "[t]he mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient "); *see also Shular*, 2016 WL 685177 at *5-6 (finding plaintiff failed to satisfy numerosity requirement where he made no showing that "any of the other 3,768 lawsuits suffer from the same infirmity as the lawsuit filed against [plaintiff], *i.e.* that LVNV was not the assignee of the debt."); *see also Byes v. Accelerated Cash Flow*, Case No. 95-200, et al., 1997 WL 285004 (E.D. La. May 27, 1997) (rejecting plaintiff's argument that numerosity was "established by the form nature of the letters" as "conclusory"). Here, not only does Plaintiff fail to come forward with ***any evidence*** of individuals to whom letters were sent involving Midland Funding, but she has failed to present any evidence regarding other relevant factors concerning numerosity, *i.e.* the ease with which class members may be identified, the nature of the action, or the size of each plaintiff's claim. *See, e.g., Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038-39 (5th Cir. 1981) (discussing a number of factors other than number of putative class members relevant to numerosity); *Shuler*, 2016 WL 685177 at *5 (noting plaintiff's failure to submit such evidence).

### B.     *Plaintiff Fails to Establish Commonality*

Plaintiff cannot meet the commonality requirement here because she has "not presented any evidence that" Midland Funding "subjected any other individuals to the same debt collection practices to which he was subjected . . . ." *See Shuler*, 2016 WL 685177 at *10 (finding plaintiff failed to satisfy commonality requirement for same reason).

Plaintiff points to *Munoz v. Edward T. Burke & Associates* (ECF No. 29-6) , an unreported decision from this District decided in 2005, as support for her argument that commonality exists.

10

*Munoz*, however, is distinguishable on a number of grounds. First, whereas in *Munoz* the plaintiff presented record evidence concerning the number of letters sent by the single defendant, here Plaintiff has failed to present ***any evidence*** that any letters were sent to putative class members involving Midland Funding. In fact, Plaintiff testified that she was not aware of ***anyone else*** who received a similar letter. *See, e.g.,* **Exhibit B** at p.88, l.25-p.89, l.1-3. Second, *Munoz* also involves an entirely different letter which threatened vague "further legal action" if there was sufficient equity in the property to satisfy the debt (thereby implicitly indicating the defendant would seek to foreclose or otherwise file suit against the plaintiff's property). No such language exists in the subject letter at issue.

Plaintiff also alleges she satisfies commonality based on the conclusory statement that "members of the class received one or more letters from Defendants wherein Defendants misrepresented details concerning the alleged debts and misrepresented the consequences of the failure to pay the debts." [ECF No. 29 at 14]. Notwithstanding the fact that this statement is inaccurate because Plaintiff has failed to demonstrate that there were letters sent to putative class members involving Midland Funding, this conclusory assertion fails to satisfy the holding in *Wal-mart*, which requires that a plaintiff demonstrate that the "common contention" is "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-mart*, 564 U.S. at 350.

Here, Plaintiff has failed to come forward with any evidence showing that the potential class members suffered the same harm. To that end, the determination of whether the subject letter is misleading requires the analysis of a number of factors, including (i) whether a putative class member received the subject letter, (ii) whether a putative class member owns any real property, (iii) if a putative class member owns real property, whether the property is entitled to the

11

homestead exemption under Texas law. *See Abby v. Paige*, 282 F.R.D. 576, 579 (S.D. Fla. 2012) (finding commonality was not satisfied where plaintiff placed "too much emphasis on what amounts to a technical violation of the FDCPA, and not enough on the commonality of harm to proposed class members"). Here, Plaintiff has wholly failed to show through any evidence that the class members were harmed in the same way.

Finally, Plaintiff contends that the fact she seeks to represent a class that purportedly received the misleading letter means she has automatically has established commonality. This is not so. Even if Plaintiff's state law theory is correct (which Midland Funding contests) that a lien cannot be filed on exempt homestead property under Texas law, each class member's individual circumstances would need to be reviewed to determine whether he or she owned real property and whether that real property was subject to the homestead exemption. *See, e.g., Powers v. Credit Management Services, Inc.*, 776 F.3d 567, 573 (8th Cir. 2015) (denying certification where district court would be required to review a number of factors even if plaintiff's theory was correct, including whether defendant sought prejudgment interest or recovered any such interest). Plaintiff has also provided *no evidence* that any putative members of the class (i) were sent a letter on a Midland Funding account, (ii) own real property in Texas, and (iii) own real property in Texas that is subject to the homestead exemption.

### C. *Plaintiff Fails to Establish Typicality*

Under Rule 23, typicality is satisfied where "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff again relies on conclusory statements to support her claim for typicality, stating that it is "inherent in the class definition." [ECF No. 29 at 15]. Plaintiff, however, has failed to come forward with any evidence showing that any letters (other than the one sent by Scott & Associates to Plaintiff) were

12

sent in connection with Midland Funding. Accordingly, Plaintiff's mere suppositions are "utterly inconclusive" as to whether Plaintiff's claims are typical of the claims of putative class members. *See Shular*, 2016 WL 685177, at *11; *see also Abbey*, 282 F.R.D. at 579 ("Given that Plaintiff Abby has yet to produce on the record evidence of even one other ascertainable class member who received the same letter(s) from Defendant Paige, the Court finds typicality fails.").

### D.     *Plaintiff Cannot Establish Adequacy*

Fed. R. Civ. P. 23(a)(4) governs the adequacy requirement, which is satisfied where "the representative parties will fairly and adequately protect the interests of the class." "Rule   23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). This involves inquiry into both (i) the zeal and competence of the representative's counsel and (ii) the willingness and ability of the representative to take an active role in and control the litigation to protect the absentees. *See Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir. 1982). Moreover, a court should focus on a class representative's willingness and ability to take an active role, control litigation and control the interests of absentees. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005). Courts within this Circuit have denied class certification where a class representative has failed to monitor her attorneys or even research their suitability as class counsel. *See, e.g., Ogden v. Americredit Corp.*, 225 F.R.D. 529, 535-36 (N.D. Tex. 2005).

Here, the testimony provided by Plaintiff establishes that she has, among other thing, failed to monitor her attorneys and perform any research regarding their qualifications. In addition, at her deposition Plaintiff was unaware of the legal claims she has filed and was not aware that a

settlement offer had been made by her counsel.[5] Specifically, Plaintiff's deposition transcript demonstrates:

- She was not generally aware of the class she was attempting to certify (***Exhibit B*** at p.1241, l.23-p.125, l.1-2);

- She was confused as to the members of the class, testifying the class comprises members who may have received the letter from Scott & Associates without mention of Midland Funding (*Id*. at p.125, l.22-23);

- She believes that the class may be comprised of individuals who received the letter regarding any account (even those unrelated to Midland Funding); (*Id*. at p.125, l.22-23).

- She did not understand what duties were owed to the class (Id. at p.128, l.22-24);

- She did not know where this case was filed or the legal claims filed against Midland Funding (*Id*. at p.129, l.9-10; l.14-17);

- She had no information regarding the background or experience of her attorneys (Id. at p.129, l.18-21); and

- She was not aware of a settlement offer made by her counsel to Defendants (*Id.* at p.134, l.18-21).

This testimony demonstrates that Plaintiff is not an adequate class representative given that she has failed to monitor her attorneys' activities, take an active role in the case, and was unaware of a settlement offer made by her counsel. *See Ogden*, 225 F.R.D. at 535-56 (requiring under Rule 23(a) that a proposed class representative take an active role in the litigation); *see also Kulig v. Midland Funding*, Case No. 13 Civ. 4715, 2014 WL 501787, *6 (S.D.N.Y. Sept. 26, 2014)

---

[5] *See* Declaration of Cory W. Eichhorn at ¶ 3, a true and correct copy of which is attached as ***Exhibit C*** (stating that Tommy Lyons made a settlement offer on a class-wide basis on January 31, 2019).

14

(denying certification based on class counsel's failure to transmit a settlement offer to client and finding that "[t]he discussion and evaluation of settlement offers is perhaps the single most significant point of contact between class and class representative through the pendency of the action).[6]

### E.  *Plaintiff Cannot Establish Predominance*

Plaintiff's Motion to Certify must also fail because she cannot meet the predominance requirement as set forth in Rule 23(b)(3). To that end, the arguments regarding lack of commonality are stronger when analyzing the predominance requirement because any purported liability for misleading or unfair language under the FDCPA depends upon the individual account-specific facts.

To satisfy the predominance requirement of Rule 23(b)(3), plaintiff must show that issues in the class are subject to generalized proof that predominate over issues that are subject to individualized proof. *See Shuler*, 2016 WL 685177 at *12. Here, in order to determine whether the letter at issue is purportedly misleading, the court would be required to analyze each putative class member's individual circumstances, *i.e.* whether a putative class member owned real property and, if so, was that property entitled to the homestead exemption. In addition, the Court would be required to determine whether each class member's account arose from a transaction for personal, family or household reasons under the FDCPA. *See id.* (denying certification on this basis); *see also Haynes v. Logan Furniture Mart. Inc*., 503 F.2d 1161, 1164 (7th Cir. 1974)

---

[6] In *Kulig*, the district court took note of additional troubling conduct by class counsel in determining adequacy was not met. *Id*. at *6. Here lead counsel Tommy Lyons, Esq. was suspended from the practice of law in Minnesota for settling matters where his clients had passed away and failing to inform opposing counsel of this fact. http://lprb.mncourts.gov/LawyerSearch/pages/LawyerSearchResults.aspx?k=0249646 This is an additional reason that weighs in favor of denying certification based on adequacy.

15

(denying certification based on predominance where court would be required to perform an "investigation of each individual class member's account to determine whether it arose from a transaction for personal, family or household use . . . ." and determining that "[t]here is no way to efficiently undertake this investigation which would only cause undue delay and defeat judicial economy.").[7] Here, Plaintiff has not shown, nor could she, that the issue of whether the transactions on the accounts were made for personal, family or household purposes is capable of classwide determination. To that end, Plaintiff has not provided the court with any evidence to demonstrate that Midland Funding's records contain information from which this Court could determine the primary purpose of each account.

Finally, Plaintiff cannot meet the predominance requirement because she is seeking actual damages on behalf of the putative class. This would require an account by account determination as to the purported damages suffered by each class member (including any purported emotional distress damages which are highly factually dependent). *See Shular*, 2016 WL 685177, *13 (finding plaintiff failed to meet predominance due in part to fact individualized proof would be required concerning damages); *see also Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (finding that certification "may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation . . . ."). Plaintiff has sought actual damages for relief on the part of the class [ECF No. 1 at 13], which are necessarily not susceptible to mathematical or formulaic calculation and will vary across each putative class member based on their individual circumstances.

    *F.*    *Plaintiff's Proposed Class is Not Ascertainable*

---

[7] In her Complaint, Plaintiff fails to even allege that her account was a debt within the meaning of the FDCPA.

The Fifth Circuit requires that a Plaintiff must prove "a class is adequately defined and clearly ascertainable." *DeBremaecker*, 433 F.2d at 734. "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. National Security Fire and Casualty Co.*, 501 F.3d 443, 445 (5th Cir. 2007).

Plaintiff – who has failed to even address the issue in her Motion for Class Certification -- cannot establish that the class is ascertainable here as it relates to Midland Funding. As indicated, Plaintiff has come forward with no information showing the number of letters sent in connection with Midland Funding accounts and no information showing a method by which the class could be ascertained, including but not limited to whether the putative class member's accounts involved transactions primarily made for personal, family and household purposes. *See Shular*, 2016 WL 685177, *9 ( (denying class certification based on ascertainability concerns where plaintiff came forward with no evidence useful to determining the nature of the debt "attributed to plaintiff or any putative class members."). To that end, Plaintiff has failed to come forward with any evidence that her account involved transactions made primarily for personal, family or household purposes, nor do Midland Funding's records provide any such information. *See* Declaration of Sean Mulcahy, a true and correct copy of which is attached as **Exhibit D**. *See also Riffle v. Convergent Outsourcing Inc.*, 311 F.R.D. 677, 680 (M.D. Fla. 2015) (denying certification based on ascertainability where defendants claimed "their records do not show the reasons for which each putative class member's debt was incurred," where plaintiff "has not presented any records of the original creditor to show how the nature of a putative class member's debt may be identified," and where "there is no evidence demonstrating that the original creditor still possesses transactional information for the proposed class or whether these records will even revel the nature of the credit

17

card transaction."). Similarly, here Plaintiff has failed to come forward with any such evidence. To date, Plaintiff has wholly failed to address the issue, which is an element of the FDCPA claim she seeks to certify. *See Oppenheim v. I.C. System, Inc.*, 622 F.3d 833, 837 (11th Cir. 2010) (indicting that threshold showing must be made in FDCPA action that the debt in question arose out of transactions entered into for personal, family or household reasons). Given that Plaintiff must affirmatively demonstrate compliance with Rule 23, *see Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013), her bald assertions that the class can ultimately be identified should be rejected by this Court.

## VI. CONCLUSION

For all of the above reasons, Plaintiff cannot meet all of the Rule 23(a) requirements and the Rule 23(b)(3) predominance requirement. Nor is a class ascertainable. Accordingly, the Court should therefore deny Plaintiff's Motion to Certify a Class.

DATED this 8th day of May, 2019.

By: *s/ A. Kristi Soppet*
A. Kristi Soppet
Texas Bar No. 24095016
kristi.soppet@hklaw.com
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001

and

Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131

18

Telephone: (305) 374-8500
Facsimile: (305) 789-7799

*Counsel for Defendant Midland Funding LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2019, I served the foregoing document on counsel identified in the attached Service List via electronic mail.

*s/ A. Kristi Soppet*
A. Kristi Soppet

**SERVICE LIST**

Trista M. Johnson, Esq.
Texas State Bar No. 24101089
LAW OFFICE OF TRISTA JOHNSON
Southern District of Texas ID No. 3180848
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
trista@txconsumerlawyer.com
*COUNSEL FOR PLAINTIFF AND THE CLASS*

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
(*Admitted Pro Hac Vice*)
*COUNSEL FOR PLAINTIFF AND THE CLASS*

Robbie Malone, Esq.
State Bar No. 12876450
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV, Esq.
State Bar No. 24078928
Email: xmartin@mamlaw.com
Jacob Michael Bach, Esq.
State Bar No. 24100919
Email: jbach@mamlaw.com
MALONE AKERLY MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631
*COUNSEL FOR DEFENDANT SCOTT & ASSOCIATES, PC*